(135 So. 661)

## DIXIE REFINING CO. v. TALLULAH COTTON OIL CO. et al.

### No. 26710.

May 25, 1931.

Rehearing Denied June 22, 1931.

Theus, Grisham, Davis & Leigh, of Monroe, Monroe & Lemann, of New Orleans, and Walter J. Suthon, Jr., of New Orleans, for Allen T. Bowie, Jr.

Mason Spencer, Snyder & Sevier, of Tallulah, and Hudson Potts, Bernstein & Sholars, of Monroe, for appellees.

BRUNOT, J.

This is a suit for a personal judgment against the defendant for $18,222.29 with interest thereon, coupled with a revocatory action assailing three mortgages granted by the defendant, as follows: One to Pan-American Bank & Trust Company for $165,000 upon the greater portion of its property; one to Helgason Bros. for $27,000 upon other portions of its property; and one to George S. Yerger for $69,494.96 upon all of its property.

The judgment of the district court is in favor of the plaintiff for the sum sued for, with legal interest thereon from June 23, 1919, and dismissing the plaintiff's revocatory action. The plaintiff obtained the necessary order and perfected a suspensive and devolutive appeal from the judgment, returnable June 30, 1924. Three applications for extension of time to file the transcript were granted, but on July 9, 1924, pending the filing of the transcript, the appellees filed an answer to the appeal in which they allege that they urged exceptions of misjoinder, of no right of action, no cause of action, and a plea of prescription in the trial court, all of which were overruled and exceptions noted to said ruling, and pray that these pleas be considered and sustained by this court or, in the alternative, that the judgment on the merits be affirmed.

The transcript was filed in this court September 2, 1924, and remained dormant on the docket until 1928, when Allen L. Bowie, Jr., who had acquired all the right, title, and interest of the plaintiff in this suit, was substituted as plaintiff and appellant herein. In the interval following the filing of the transcript both of the Helgasons, who composed the firm of Helgason Bros., died, and on the application of the substituted plaintiff and appellant, the heirs of the Helgasons, were substituted in their place as defendants and appellees. On April 27, 1931, a short time before the case was submitted to this court, Mr. Eugene McGivney, counsel for the Liquidator of the Pan-American Bank & Trust Company, filed a motion herein to be permitted to withdraw as counsel for said liquidators, for the reason that the liquidators had disposed of the Pan-American Bank & Trust Company's interest in the property involved in this suit to the Oil Mill and Gin Company, Inc., and had received the full

amount due the said bank by the Tallulah Cotton Oil Company from said Oil Mill & Gin Company, Inc.

This is the only appellee that made an appearance in the case and only the substituted plaintiff, and appellant has filed a brief herein.

The record is voluminous. It consists of seven volumes, some of which are subdivided into several parts with separate page numbers. The arrangement of the matter is somewhat confusing, but the decisive issues in the case are simple. They are, whether or not the Tallulah Cotton Oil Company was solvent at the time it executed the mortgages the plaintiff seeks to revoke and, if it was not, were the mortgagees aware of its insolvency prior to or at the time the mortgages were given to them. In this connection we excerpt from the opinion' of the trial judge and quote with approval the following:

"There was a contract between the Oil Co. and certain of its creditors injurious to other creditors. Was the defendant Oil Co. at this time, 1/14/21, insolvent, or was it not and Pan-American Bank, Helgason Bros. and George S. Yerger cognizant of such insolvency? All these parties deny such insolvency, and deny knowledge thereof, if it existed. The evidence on the subject, introduced by defendant, denies insolvency. That of complainant rather assumes it, and the Court would have to assume from conclusions on the part of appraisers or experts employed by the complainant, that this insolvency did exist and was known to these parties who deny it."

Following the above pronouncement; the court then disposes of the exceptions and plea of prescription filed by the defendant, and says:

"This brings us to the merits. 1st: Is defendant Oil Co. indebted to complain-

ant Dixie Refining Co. on arbitration award? In my opinion, yes, and judgment should be rendered in its favor for that amount. 2nd: Was defendant Tallaulah Cotton Oil Co. insolvent on date of execution of mortgages complained of? The report of the experts Coats & Burchard, show it to have been solvent on that date. A corporation or an individual may be solvent one day and insolvent the next. The rise and fall of property values dependent upon influences beyond the control of the parties in interest, produce such effects. Hence Courts and individuals necessarily rely on the opinion of those specially trained to report on the intricate financial conditions of corporations, in which are involved the uncertainties of varying market conditions, the rise and fall of values, and the intricacies of mercantile transactions, with which the average man is acquainted. * * * 3rd: If the Tallulah Cotton Oil Co. was insolvent, were its creditors, Pan-American Bank & Trust Co., Helgason Bros., and George S. Yerger, aware of such insolvency? It is argued that Helgason and Yerger being directors, and Yerger President of the Oil Company, knew its condition. Being a director of an institution does not necessarily acquaint one with all the intricacies of a complex business, nor advise him of the solvency or insolvency of the corporation at a fixed time. He depends upon the advice and information furnished by his subordinates, and can be easily and honestly misled, as, for instance, in the claim of the Dixie Refining Co. v. defendant Tallulah Cotton Oil Co. This claim arose out of the sale of oil. Allegations as to the quality of the oil must have been based on the findings of the Oil Mills chemist or the operative in charge of the manufacture of the oil. This is, up to the present, an unadmitted claim, and could not have entered into the transactions or knowledge influencing the

granting of the mortgages complained of, on January 14th, 1921. Yet the validity or invalidity of an unadmitted claim could fix the solvency or insolvency of a going corporation, on a stated date. Corporate officers base their estimate of conditions of the institution over which they preside, by the reports of subordinates and experts. In this case the officers of defendant Oil Company employed a well known firm of appraisers to place a value on the company's property, and we can but assume that these gentlemen were guided by the report of these experts in their conclusions and statements as to its affairs. The defendant Pan-American Bank & Trust Co. was necessarily controlled in its dealings with this Oil Company by information received from its officials and experts employed to report on its condition, and it seems to me, believed the Oil Company solvent when it accepted, on January 14th, 1921, mortgage from it.

"As to George S. Yerger, is it conceivable that he would have continued to involve himself as endorser, and by granting mortgages on his individual property for the benefit of the Oil Mill, if he knew it to be insolvent? It seems that on January 14th, 1921, Mr. Yerger executed mortgages on several plantations in favor of Pan-American Bank & Trust Co. to secure note of Oil Co. And while he may have been endorser and guarantor of the indebtedness of the Oil Company to said Bank, would he have given this mortgage, unless he felt that the Oil Company could pay the Bank or reimburse him, if he had to put up the money for the Bank.

"These are three essentials to a successful revocatory action—'Fraud on the part of the vendor; knowledge on the part of the vendee, and actual injury to the other creditors.' Seixas v. Citizens' Bank of Louisiana,

38 La. Ann. 424; Chapoton v. Creditors, 45 La. Ann. 451, 12 So. 495. The conclusions I am forced to reach in this case, are that the first two of the essentials did not exist."

We think the learned judge's conclusions and his reasons therefor are sound. The judgment appealed from is, therefore, affirmed at appellant's cost.